CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer,** | **Case No**. |
| Plaintiff, | |
| **v.** | **Complaint for Injunctive Relief and Damages For Violations Of**: Americans with Disabilities Act; Unruh Civil Rights Act |
| **Steinway, Inc.**, a Delaware Corporation; and Does 1-10, | |
| Defendants, | |

Plaintiff Chris Langer ("Plaintiff") complains of Steinway, Inc., a Delaware Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.   Plaintiff is a disabled individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff suffers from Delayed Endolymphatic Hydrops (DEH) which has caused permanent partial hearing loss. He utilizes a variety of assistive listening devices in his day to day life, including hearing aids and headphones to compensate, though this still does not enable him to receive complete aural communication. When

1

Complaint

1   consuming audio content such as movies or tutorials on the internet he turns

2   on closed captioning in order to comprehend all of the content.

3   2.   Defendant Steinway, Inc., ("Steinway") owned or operated the

4   Steinway Piano Gallery throughout California, including stores in Los Angeles

5   and San Francisco Counties, in January 2021.

6   3.   Defendant Steinway, Inc., owns and operates Steinway Piano Gallery,

7   located throughout California, including stores in Los Angeles and San

8   Francisco Counties.

9   4.   Defendant Steinway, Inc., owned or operated the Steinway Piano

10   Gallery's website, with a root domain of: steinwaylosangeles.com, and all

11   related domains, sub-domains and/or content contained within it,

12   ("Website") in January 2021.

13   5.   Defendant Steinway, Inc., owns or operates the Website currently.

14   6.   Plaintiff does not know the true names of Defendants, their business

15   capacities, their ownership connection to the property and business, or their

16   relative responsibilities in causing the access violations herein complained of,

17   and alleges a joint venture and common enterprise by all such Defendants.

18   Plaintiff is informed and believes that each of the Defendants herein, is

19   responsible in some capacity for the events herein alleged, or is a necessary

20   party for obtaining appropriate relief. Plaintiff will seek leave to amend when

21   the true names, capacities, connections, and responsibilities of other

22   Defendants are ascertained.

23

24   **JURISDICTION:**

25   7.   The Court has subject matter jurisdiction over the action pursuant to 28

26   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

27   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

28   8.   Pursuant to supplemental jurisdiction, an attendant and related cause

2

Complaint

1  of action, arising from the same nucleus of operative facts and arising out of

2  the same transactions, is also brought under California's Unruh Civil Rights

3  Act, which act expressly incorporates the Americans with Disabilities Act.

4      9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

5  founded on the fact that the real property which is the subject of this action is

6  located in this district and that Plaintiff's cause of action arose in this district.

7

8      **FACTUAL ALLEGATIONS:**

9      10. Plaintiff suffers from hearing loss and is a member of a protected class

10  under the ADA.

11      11. Plaintiff relies on subtitles and closed captioning to hear audio in

12  recorded content.

13      12. Steinway operates "brick and mortar" facilities throughout California,

14  open to the public, places of public accommodation, and business

15  establishments.

16      13. Steinway offers videos on its Website to induce customers to purchase

17  its goods and to provide ideas on how to best use them. Websites and videos

18  are some of the facilities, privileges, or advantages offered by Defendants to

19  patrons of Steinway.

20      14. Plaintiff was a prospective customer who wished to access Defendant's

21  goods and services.

22      15. Plaintiff visited the Website in January 2021 to confirm the business

23  was open, look at pianos for sale, and look for information about the company

24  and its products.

25      16. When Plaintiff attempted to view video content on the Website, he

26  discovered that the videos lacked closed captioning, which made him unable

27  to fully understand and consume the contents of the videos.

28      17. Plaintiff experienced difficulty and discomfort in attempting to view

Complaint

videos including: "Spirio", "Boston Piano" and "Explore the features of Essex". As a result of this inaccessibility he was deterred from further use of the Website.

18. Currently, the Defendants either fail to provide an accessible website or Defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

19. Despite multiple attempts to access the Website using Plaintiff's computer, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Defendants as a result of the accessibility barriers.

20. Plaintiff personally encountered accessibility barriers and has actual knowledge of them.

21. By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

22. Plaintiff has been deterred from returning to the website as a result of these prior experiences.

23. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

24. If the Website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and avail himself of its goods and/or services.

25. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that the Steinway and Website are accessible.

26. Plaintiff is currently deterred from doing so because of Plaintiff's

Complaint

1   knowledge of the existing barriers and uncertainty about the existence of yet
2   other barriers on the Website. If the barriers are not removed, Plaintiff will
3   face unlawful and discriminatory barriers again.

4   27. The barriers identified above violate easily accessible, well-established
5   industry standard guidelines for making digital content accessible to people
6   with hearing-impairments to access websites. Given the prevalence of
7   websites that have implemented these standards and created accessible digital
8   content, it is readily achievable to construct an accessible website without
9   undue burden on Steinway or a fundamental alteration of the purpose of the
10  Website.

11  28. Compliance with W3C Web Content Accessibility Guidelines
12  ("WCAG") 2.1 AA standards are a viable remedy for these deficiencies and a
13  standard that has been adopted by California courts for website accessibility.

14  29. It's been established that failure to remove inaccessible website
15  conditions violates the ADA and California law and requiring compliance with
16  industry access standards is a remedy available to the plaintiff.

17  30. The website content was intentionally designed, and based on
18  information and belief, it is the Defendants', policy and practice to deny
19  Plaintiff access to the website, and as a result, deny the goods and services that
20  are otherwise available to patrons of Steinway.

21  31. Due to the failure to construct and operate the website in line with
22  industry standards, Plaintiff has been denied equal access to Defendant's
23  stores and the various goods, services, privileges, opportunities and benefits
24  offered to the public by Steinway.

25  32. Closed captioning can be provided at little cost, sometimes free or mere
26  dollars per minute of video content.

27  33. Given the nature of the barriers and violations alleged herein, the
28  plaintiff alleges, on information and belief, that there are other violations and

Complaint

barriers on the Website that relate to his disability. In addition to the barriers he personally encountered, Plaintiff intends to seek removal of all barriers on the Website that relate to his disability. See *Doran v. 7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier).

34. Plaintiff will amend the complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

1.  Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  Defendant is a public accommodation with the definition of Title III of the ADA, 42 USC § 12181

2.  The website provided by the Defendant is a service, privilege or advantage of Steinway' brick and mortar facility.

3.  When a business provides services such as a website, it must provide an accessible website.

4.  Here, access to an accessible website has not been provided. A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

5.  Here, access to an accessible website has not been provided. A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

Complaint

6.   Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

7.   Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

8.   Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

1.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

2.   The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  *Cal. Civ. Code § 51(f)*.

3.   Defendants' acts and omissions, as herein alleged, have violated the

Complaint

1  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

2  rights to full and equal use of the accommodations, advantages, facilities,

3  privileges, or services offered.

4      4.   Because the violation of the Unruh Civil Rights Act resulted in difficulty,

5  discomfort or embarrassment for the plaintiff, the defendants are also each

6  responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code §*

7  55.56(a)-(c).

8      5.   Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights

9  set forth and incorporated therein, Plaintiff requests relief as set forth below.

10

11     **PRAYER**:

12        Wherefore, Plaintiff prays that this Court award damages and provide

13  relief as follows:

14     1. A Declaratory Judgment that at the commencement of this action

15  Defendants were in violation of the requirements of the ADA due to

16  Defendants' failures to take action to ensure that its websites were fully

17  accessible to and independently usable by hearing-impaired individuals,

18  including providing closed-captioning on all video content containing audio

19  elements.

20     2. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction

21  enjoining Defendants from violating the ADA with respect to its website.

22     3. Damages under the Unruh Civil Rights Act § 51[1], which provides for

23  actual damages and a statutory minimum of $4,000 for each offense.

24     4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

25  to 42 U.S.C. § 12205; and *Cal. Civ. Code § 52.*

26  _____

27  [1] Note: the Plaintiff is not invoking section 55 of the California Civil Code

28  and is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

1

2   Dated: January 13, 2021                    CENTER FOR DISABILITY ACCESS

3

4

5                                              By: _____

6

7                                              Russell Handy, Esq.
                                               Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Complaint